UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2014 SEP -4  P 12: 54

US DISTRICT COURT
HARTFORD CT

STEVEN J. HAYES,
    Plaintiff,

v.                      CASE NO. 3:14-cv-1203(AWT)

ANTHONY BRUNO, et al.,
    Defendants.

INITIAL REVIEW ORDER

    The plaintiff, Steven J. Hayes, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, commenced this action pro se pursuant to 42 U.S.C. § 1983. The complaint was received by the court on August 19, 2014, and the plaintiff's motion to proceed in forma pauperis was granted on August 26, 2014. The plaintiff names as defendants Reverend Anthony Bruno, Warden Edward Maldonado, District Warden Angel Quiros and all John and Jane Doe members of the Religious Review Committee. The plaintiff seeks damages and injunctive relief and requests a court trial.

    Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In

reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that the defendants have denied him a kosher diet because the kitchens do not meet kosher standards. Despite his requests and grievances, this matter has not been corrected for over a year. The claim will proceed at this time.

ORDERS

Accordingly, the court enters the following orders:

(1) The **Clerk shall** verify the current work addresses for

each defendant with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this order. The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** from the date of this order.

(3) The **Clerk shall** send a courtesy copy of the Complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) **The defendants shall** file their response to the

complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without

indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9) The court cannot effect service on defendants John and Jane Doe members of the Religion Review Committee without their full names and current work addresses. The plaintiff shall file an amended complaint containing this information within **twenty (20) days** from the date of this order. Failure to comply with this order may result in the dismissal of all claims against defendants John and Jane Doe without further notice from the court.

It is so ordered.

Dated this 3rd day of September 2014, at Hartford, Connecticut.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge